## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID DEL VILLAR<br>10613 WORCHESTER AVENUE<br>BELTSVILLE, MD 20705<br><br>PLAINTIFF,<br><br>v.<br><br>FLYNN ARCHITECTURAL FINISHES, INC.<br>2219 KANSAS AVENUE<br>SILVER SPRING, MD 20910<br><br>AND<br><br>CHRISTOPHER R. FLYNN, individually<br>9015 1st AVENUE<br>SILVER SPRING, MD 20910<br><br>DEFENDANTS. | **FAIR LABOR STANDARDS ACT**<br>DEMAND FOR JURY TRIAL |

## COMPLAINT

Plaintiff David Del Villar alleges by his attorney, Denise M. Clark, as follows:

### NATURE OF ACTION

1. This is a challenge to Defendants', Flynn Architectural Finishers, Inc., and Christopher Flynn's, ("Defendants"), unlawful practice of failing to calculate and pay time-and-a-half for overtime work and retaliating against Plaintiff for reporting violations of the Davis-Bacon Act by terminating his employment.

2. Plaintiff worked for Defendants as a highly skilled metal finisher from March 2008 until July 2008.

3. In June 2008 Defendants assigned Plaintiff to work on several federal government contract projects.

4. Plaintiff had his income severely reduced because of Defendant's failure to pay overtime wages.

5. After Plaintiff inquired about his wages he was terminated by the defendant for "causing too much trouble."

6. Pursuant to the Fair Labor Standards Act, 29 U.S.C.§§ 201, *et seq* ("FLSA") and the D.C. Minimum Wage Revision Act ("DCMWRA"), D.C. Code § 32-1003(c), Plaintiff alleges that he is (1) entitled to unpaid overtime wages for work beyond forty hours per week; (2) entitled to liquidated damages equal to his unpaid overtime wages under the FLSA; (3) is entitled to wages lost (or back pay) due to Defendant's wrongful termination; (4) is entitled to an additional equal amount as liquidated damages for the wrongful termination; and (5) is entitled to attorney's fees and the costs of this action.

### JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331 and §1337 and supplemental jurisdiction over Plaintiff' claims under the D.C. Minimum Wage Revision Act pursuant to D.C. Code §32-1001, *et seq.* Additionally, this Court has jurisdiction over Plaintiff' FLSA claims pursuant to 29 U.S.C. § 215(a)(3) and §216(b).

8. Jurisdiction is proper in this Court because the work for the wages in question and the resulting violations all occurred in District of Columbia.

9. Venue is proper in the U.S. District Court in the District Columbia pursuant to 28 U.S.C. §1391(a).

10. Venue is proper in this Court because the Defendant, Christopher Flynn travelled to and supervised work in the District of Columbia daily.

## PARTIES

11. David Del Villar, Plaintiff, is a natural person and resident of Beltsville, MD.

12. On information and belief, Defendant, Flynn Architectural Finishes, Inc. is incorporated in Maryland with its principal place of business in Silver Spring, MD.

13. Defendant is, and at all times material to this action was, an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

14. On information and belief, Defendant Christopher R. Flynn is a natural person and resident of Silver Spring, MD.

15. On information and belief, Defendant Christopher Flynn is the owner and President of Flynn Architectural Finishes, Inc.

## PLAINTIFF' FIRST CLAIM FOR RELIEF FOR VIOLATION OF THE FLSA

16. Under the FLSA, Plaintiff was entitled to overtime compensation from Defendants of one and one-half times per regular rate of hourly pay for hours he worked beyond the forty hour work week.

17. Defendants' practice of failing to pay properly calculated wages and overtime violates the FLSA.

18. Defendant's failure to pay overtime wages was willful and not in good faith as evidenced by its failure to pay overtime when Defendant knew, or should have known, that such was due.

19. Due to Defendants' FLSA violation, Plaintiff is entitled to recover from Defendants unpaid overtime compensation, liquidated damages, reasonable attorney's fees, and the costs of this action, pursuant to 29 U.S.C. 216(b).

### PLAINTIFF' SECOND CLAIM FOR RELIEF FOR VIOLATION OF FLSA ANTI-RETALIATION PROVISION

20. In early July of 2008 Plaintiff complained to the General Services Administration, ("GSA"), worksite inspector Davinder Paul Duggal about his wages under the Davis-Bacon Act.

21. The very same afternoon, Plaintiff informed Defendant, Christopher Flynn about his complaint to Mr. Duggal and asked him to resolve his wage issue.

22. Defendant waived the Plaintiff away, telling him that they would discuss the matter later.

23. On or about July 14, 2008 Defendant, Christopher Flynn received a phone call from Mr. Duggal, the GSA inspector, informing him that Plaintiff had complained to him that Defendant was not paying him his proper wages.

24. On July 17, 2008, Defendant called the Plaintiff into his office, told him that he was "causing too much trouble" and terminated him.

25. When asked why Plaintiff was terminated, Defendant stated it was because Plaintiff did not get along with his coworkers and that he would not tell Defendant which chemicals he used to perform his work.

26. All the products the Plaintiff used on the worksite were chemicals supplied to him by Defendant.

27. Plaintiff diluted the chemicals with water to the proper concentration and taught his coworkers how to do so.

28. Because Plaintiff taught his coworkers how to properly dilute the chemicals they were able to finish the job after he was terminated.

29. On June 30, 2008 and July 1, 2008 Defendant compensated Plaintiff with two performance bonuses.

30. Defendant's failure to pay overtime wages was willful and not in good faith as evidenced by its failure to pay overtime when Defendant knew, or should have known, that such was due.

31. Defendant fired Plaintiff in retaliation for his complaint to the GSA inspector.

32. Due to Defendants' FLSA Anti-Retaliation Provision violation, Plaintiff is entitled to back pay, an additional equal amount as liquidated damages, attorney's fees, and costs of this action for his wrongful termination. 29 U.S.C. §216(b).

### PLAINTIFF' THIRD CLAIM FOR RELIEF FOR VIOLATION OF THE D.C. MINIMUM WAGE REVISION ACT

33. Plaintiff alleges and incorporates by reference 10 though 30.

34. Under the District of Columbia Minimum Wage Revision Act, ("DCMWRA"), Plaintiff is entitled to overtime pay at a rate of time-and-a-half of an employer's regular rate of pay for the hours worked in excess of forty per week. See D.C. Code § 32-1003(c).

35. By the above course of conduct, Defendants have violated the District of Columbia Minimum Wage Revision Act willfully.

36. Due to Defendants' D.C. Wage and Hour Law violation, Plaintiff is entitled to recover his unpaid wages, liquidated damages, reasonable attorney's fees, and the costs of this action, pursuant to D.C. Wage and Hour Law § 32-1012(a).

### PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court grant the following relief:

37. Award Plaintiff the following compensatory damages:

   a. Unpaid overtime compensation due under the FLSA
   b. Unpaid overtime compensation under the District of Columbia Minimum Wage Revision Act.

38. Award Plaintiff the following damages:

   c. Liquidated damages equal to the unpaid overtime hours under the FLSA.
   d. Liquidated damages under the D.C. Wage Payment and Collection Law.

39. Award Plaintiff reasonable attorneys' fees as well as the costs of this action;

40. Award such other relief as this Court deems necessary and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated: June 18, 2009

Respectfully submitted,

_____
Denise M. Clark (420480)
The Law Office of Denise M. Clark, PLLC
1250 Connecticut Ave, N.W., Ste, 200
Washington, D.C. 20036
(202) 293-0015
www.benefitcounsel.com