UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DAVID DEL VILLAR ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 09-1135 (RMC) |
| ) | |
| FLYNN ARCHITECTURAL FINISHES, ) | |
| INC., *et al*. ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

In this action brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*, and the D.C. Minimum Wage Revision Act, D.C. Code § 32-1003(c), David Del Villar sues both Flynn Architectural Finishes, Inc., his former employer, *and* Christopher R. Flynn, the owner and President of Flynn Architectural Finishes, Inc. Mr. Flynn moves to dismiss the allegations against him personally pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that the Complaint fails to advance facts sufficient to have him included in the definition of Mr. Del Villar's "employer." *See* Dkt. # 4. Mr. Del Villar opposes the motion. Dkt. # 6. For the reasons set forth below, the Court will deny Mr. Flynn's motion to dismiss.

**I. FACTS**

Mr. Del Villar worked for Flynn Architectural Finishes, Inc., as a highly skilled metal finisher from March 2008 to July 2008. Compl. ¶ 2. He was assigned to work on several projects for the federal government. *Id.* ¶ 3. Christopher Flynn is the owner and President of Flynn Architectural Finishes, Inc. *Id.* ¶ 15. Although he worked more than 40 hours in a week, Mr. Del

Villar alleges that he was not paid any overtime pay.  *Id.* ¶ 1.

In early July 2008, Mr. Del Villar complained to the General Services Administration worksite inspector that he was not properly paid.  *Id.* ¶ 20.  On the same day, Mr. Del Villar informed Mr. Flynn that he had spoken to the GSA inspector and asked him to resolve the issue of Mr. Del Villar's wages, but Mr. Flynn allegedly just waved him away.  *Id.* ¶¶ 21-22.  On or about July 14, 2008, GSA's inspector called Mr. Flynn, "informing him that [Mr. Del Villar] had complained to him that [Mr. Flynn] was not paying him his proper wages."  *Id.* ¶ 23.  "On July 17, 2008, [Mr. Flynn] called [Mr. Del Villar] into his office, told him that he was 'causing too much trouble' and terminated him."  *Id.* ¶ 24.  Mr. Del Villar alleges that Mr. Flynn fired him in retaliation for his complaint to the GSA inspector.  *Id.* ¶ 31.

## II.  LEGAL STANDARDS

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the adequacy of a complaint on its face, testing whether a plaintiff has properly stated a claim. Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  A complaint must be sufficient "to give a defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Although a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.*  The facts alleged "must be enough to raise a right to relief above the speculative level."  *Id*.  Rule 8(a) requires an actual showing and not just a blanket assertion of a right to relief.  *Id.* at 555 n.3.  "[A] complaint needs *some*

information about the circumstances giving rise to the claims." *Aktieselskabet Af 21. Nov. 2001 v. Fame Jeans, Inc.*, 525 F.3d 8, 16 n.4 (D.C. Cir. 2008) (emphasis in original).

In deciding a motion under Rule 12(b)(6), a court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits or incorporated by reference, and matters about which the court may take judicial notice. *Abhe & Svoboda, Inc. v. Chao*, 508 F.3d 1052, 1059 (D.C. Cir. 2007). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is "plausible on its face." *Twombly*, 550 U.S. at 570. When a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged, then the claim has facial plausibility. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

A court must treat the complaint's factual allegations as true, "even if doubtful in fact." *Twombly*, 550 U.S. at 555. But a court need not accept as true legal conclusions set forth in a complaint. *Iqbal*, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 1950.

### III. ANALYSIS

The FLSA defines "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). The D.C. Minimum

Wage Revision Act contains almost identical language. *See* D.C. Code § 32-1002 ("The term 'employer' includes any individual, partnership, association, corporation, business trust, or any person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee, but shall not include the United States or the District of Columbia."). These two laws are interpreted similarly. *See Williams v. W. M. A. Transit Co.*, 472 F.2d 1258, 1261 (D.C. Cir. 1972) (finding that the D.C. Minimum Wage Act was modeled after the FLSA but drawing distinctions between the two where the provisions contain explicit differences); *Hicks v. Ass'n of Am. Med. Colleges*, 503 F. Supp. 2d 48, 51 (D.D.C. 2007) (finding that given the "nearly identical" language of the anti-retaliation provisions in the two statutes, the same interpretation should be given to both); *Calles v. BPA Eastern US, Inc.*, Civ. No. 91-2298, 1991 U.S. Dist. LEXIS 17456, *1-2 (D.D.C. Dec. 6, 1991) (noting that legislative history suggests D.C. Minimum Wage Act is to be construed consistently with FLSA).

Although both laws are broadly stated, courts apply an "economic reality test" to determine if an individual should bear potential liability as a statutory "employer." That is, courts consider the totality of the circumstances of the relationship between plaintiff/employee and defendant/employer to determine whether the putative employer has the power to hire and fire, supervise and control work schedules or conditions of employment, determine rate and method of pay, and maintain employment records. *See Morrison v. Int'l Programs Consortium, Inc.*, 253 F.3d 5, 11 (D.C. Cir. 2001).

Mr. Flynn carefully does not argue that he does not have the power to hire and fire, control work schedules and supervise employees, determine pay rates or maintain employment records. He is, after all, the owner and President of Flynn Architectural Finishes, Inc., and his name

is Christopher R. Flynn.  His argument is more lawerly:  he attacks the sufficiency of the Complaint's allegations concerning his personal role and seeks dismissal on that basis.  The Court is unpersuaded.

The Complaint states:  the name of the corporation and the name of its owner and president are identical; both Defendants assigned work to Mr. Del Villar; Mr. Flynn paid one or more bonuses to Mr. Del Villar; and Mr. Flynn personally fired Mr. Del Villar.  These allegations are more than enough to alert Mr. Flynn to the nature of the complaint against him in order to prepare his defense.  *See Twombly*, 550 U.S. at 555.  The law does not require a plaintiff to do more in his complaint.

### IV.  CONCLUSION

The motion to dismiss [Dkt. # 4] filed by Christopher R. Flynn will be denied.  A memorializing order accompanies this memorandum opinion.  Mr. Flynn shall file an answer or other response to the Complaint no later than November 9, 2009.

Date:  October 19, 2009                                         /s/
                                                  ROSEMARY M. COLLYER
                                                  United States District Judge